PER CURIAM.
Sara Gilbreath seeks certiorari review of the circuit court’s order affirming her conviction for “obscene or harassing telephone calls.” § 365.16(l)(a), Fla.Stat. (1991).
Of the several issues raised in the petition, only one warrants extended discussion. Gil-breath argues that the statute under which she was charged is facially unconstitutional *963 for two reasons. First, she claims that the statute infringes upon First Amendment guarantees of free speech. Second, she argues that the statute is impermissibly over-broad and subject to misapplication. The circuit court disposed of both arguments in a well-reasoned order, which we affirm.
A prior incarnation of the statute was invalidated on constitutional grounds. State v. Keaton, 371 So.2d 86 (Fla.1979). The old statute arguably penalized obscene calls without regard to whether the recipient consented to hear them. Accordingly, the supreme court found the statute unacceptably vague and potentially violative of First Amendment rights of free speech. In declaring the statute invalid, the court made it clear that the state could “proscribe obscene telephone communications ... to a listener at a location where he enjoys a reasonable expectation of privacy (such as the home) which calls are intended to harass the listener.” 371 So.2d at 92. This “expectation of privacy” language was then explicitly written into the statute, and certain confusing phraseology was clarified, by legislative amendment. In the view of the circuit court, and ours, the constitutional infirmities that prompted the decision in Keaton have thereby been cured. And see State v. Elder, 382 So.2d 687 (Fla.1980), involving subsection (b) of the same statute, which proscribes anonymous calls which are intended to annoy or harass.
Petition denied.
SCHOONOVER, A.C.J., HALL and BLUE, JJ., concur.